# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CEDRIC OMAR SNEAD,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:23CV00010 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNKNOWN, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Cedric Omar Snead, Pro Se Plaintiff.*

The plaintiff, Cedric Omar Snead, a former Virginia inmate proceeding pro se, filed this civil action that the court has construed and docketed as arising under 42 U.S.C. § 1983. Snead has also applied for in forma pauperis status. Because the Amended Complaint fails to state a claim upon which relief could be granted against the defendants he has named, I will summarily dismiss the action.

I.

After review of Snead's initial Complaint, the court notified him that it did not include sufficient facts and directed him to file an Amended Complaint if he did not want the case dismissed without prejudice. The court also notified Snead that the Amended Complaint would take the place of his initial Complaint and should state specific facts and dates concerning what each defendant did to violate his

constitutional rights. Snead has filed an Amended Complaint. In it, he sues Covington City, Western Virginia Regional Jail, "Selam [sic], Catabawa, Covington VA," Unknown defendants, and the Commonwealth of Virginia.[1] Am. Compl. 1, ECF No. 1 (internal quotation marks omitted). Snead states his claims as follows, verbatim:

> Selam, Catabawa, Covington, while in A.R. Jail I was transferred to Catabawa hospital were I was abuse with im injection, etc.
>
> From Catabawa, I was sent to Selam. Selam, W.V.R.J were mental health worker Mrs. Lanier and Jail Staff abused me also.

*Id.* at 2. He signs the Amended Complaint form: "King Cedrick Omar Snead." *Id.* at 3. As relief, he seeks "Justice," monetary damages, and a class action. *Id.* He also submits a Summons with the following heading: King Cedric Omar Snead v. Frist [sic] Kid Malia & Sasha Obama." Summons 1, ECF No. 28-1. A letter submitted with these documents states that in May 2023, Snead started a new mental health medication that is "very powerful," so he wants to sue "Stauton [sic] VA." Letter, ECF No. 28-3. In addition, Snead has filed multiple motions seeking appointment of counsel, based on his mental health problems.

---

[1] On the § 1983 form and in a separate attached sheet, Snead mentions other case numbers from this court's docket, all of which are closed. As stated, the court's prior Order directed Snead to make the Amended Complaint a complete statement of his claims in this case. Therefore, I will not construe Snead's mention of other case numbers to incorporate any document filed in those now-closed cases.

II.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, even under this less stringent standard, the pro se complaint is subject to sua sponte dismissal when it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

As an initial matter, Snead cannot prevail in a § 1983 claim against the Commonwealth. In the context of a § 1983 claim, neither the state nor the individual state actors, sued in their official capacities, are considered a "person" subject to suit. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). Therefore, I will dismiss all of Snead's claims against the Commonwealth.

Similarly, Snead cannot prevail in a claim against the Western Virginia Regional Jail. A local jail building is not a person subject to suit under § 1983. *McCoy v. Chesapeake Corr. Ctr.,* 788 F. Supp. 890, 893-94 (E.D. Va. 1992).

Moreover, Snead's Amended Complaint simply does not provide facts that state any actionable § 1983 claim against any of the defendants. Despite the court's specific directions about what a viable Amended Complaint should include, Snead

omits dates, provides no facts about the alleged abuse or the involvement of the particular defendants, and fails to describe how he was harmed in any way by the defendants' actions. Thus, without further factual information to identify prison officials and describe their unconstitutional actions, I must summarily dismiss all claims against Snead's "unknown" defendants.

The same sort of specificity is required to state a viable § 1983 claim against a municipality, such as the cities Snead has sued here. Municipalities and other local governmental bodies can constitute "persons" within the meaning of § 1983, but they may not be held automatically liable for unconstitutional acts or omissions by their employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 688-89 (1978).

Snead's Amended Complaint consists of merely conclusory assertions with no supporting factual matter. I need not accept these assertions as true, and Snead cannot build viable § 1983 claims with such conclusory statements devoid of details and dates. Thus, he fails to state any actionable § 1983 claim against any of the defendants. Therefore, I will grant Snead's application to proceed in forma pauperis, but will also summarily dismiss this action without prejudice, pursuant to § 1915(e)(2)(B). An appropriate order will enter herewith.

I will also dismiss Snead's many motions for appointment of counsel. Whether to request such assistance for a civil litigant is a privilege which rests in the sound discretion of the district court. Before a court may justifiably request counsel

to assist a plaintiff, it must first appear that a claim has some merit in fact and law. Therefore, I also cannot find justification to exercise my discretion to request counsel to represent Snead in this case. Accordingly, I will dismiss Snead's motions as moot.

    A separate Final Order will be entered herewith.

                                          DATED:   July 28, 2023

                                          /s/  JAMES P. JONES  
                                          Senior United States District Judge